Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (DJ-2025-063B)

| ROBERTO NUEZ CASTRO<br><br>Recurrente<br><br>v.<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS DE PUERTO RICO (AAA)<br><br>Recurrida | TA2026RA00290 | Revisión procedente de la Autoridad de Acueductos y Alcantarillados (AAA)<br><br>Caso Núm.:<br>000067423087<br><br>Sobre:<br>Restablecimiento de Servicios |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 9 de junio de 2026.

La jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho

escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B)

Cónsono con lo anterior, vale recordar que la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) y el *Reglamento del Tribunal de Apelaciones*. Véase Sec. 4.2 de la Ley Núm. 38-2017 (3 LPRA sec. 9672); Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas, ordinariamente a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Sabido esto, una autoridad o instrumentalidad gubernamental que provea un servicio esencial a la ciudadanía dispondrá de un procedimiento administrativo para la suspensión del servicio por falta de pago. Art. 3 de la Ley Núm. 33 de 27 de junio de 1985 (27 LPRA

sec. 262b). Si la parte afectada objetare y solicitare una investigación sobre una factura de pago, la agencia deberá concluir dicha investigación e informar el resultado al abonado dentro de los treinta (30) días siguientes. Íd. De ser adverso la determinación, la parte afectada tendrá diez (10) días a partir de la notificación para pagar la factura o para solicitar una reconsideración y vista administrativa ante el director ejecutivo regional. Íd. De confirmarse la determinación original de la agencia, el abonado tendrá veinte (20) días a partir de la notificación de la decisión para recurrir en revisión al Tribunal de Apelaciones. Íd. Así las cosas, si la parte afectada no efectúa el pago y no utiliza ni agota el procedimiento establecido para objetar cargos, la autoridad podrá suspenderle el servicio. Íd., sec. 262c.

En el presente caso, el recurrente acudió al Tribunal de Apelaciones de manera tardía. Del expediente se desprende que el 4 de diciembre de 2025, el señor Nuez Castro presentó una objeción a la factura de la Autoridad de Acueductos y Alcantarillados (AAA) del 6 de noviembre de 2025. Luego de una investigación, el 15 de diciembre de 2025, la AAA remitió su determinación de mantener la factura objetada, apercibiéndole al recurrente de que tendría diez (10) días para pagar la factura o solicitar reconsideración y vista administrativa, y que del recurrente no solicitar reconsideración en el término descrito, la decisión de la agencia sería final e inapelable. Según observamos, el señor Nuez Castro nunca solicitó reconsideración, al igual que este no hace mención alguna de haber agotado los remedios administrativos o si recurre de la carta del 15 de diciembre de 2025 o de otra determinación. Siendo estas las circunstancias, es forzoso concluir que, sea la mencionada carta u otra determinación anterior del cual el señor

Nuez Castro recurre, este Tribunal carece de la jurisdicción para atender la controversia en sus méritos, toda vez que el recurso de revisión judicial se presentó tardíamente.

Por los fundamentos expresados, desestimamos el presente recurso por falta de jurisdicción. Por efecto, resolvemos sin lugar la *Moción Urgente para el Restablecimiento* de la parte recurrente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones